## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

NATIONAL SPIRITUAL ASSEMBLY
OF THE BAHA'IS OF THE UNITED STATES,

      Plaintiff,

    v.

NEAL CHASE,

      Defendant.

---

## COMPLAINT

---

Plaintiff, the National Spiritual Assembly of the Baha'is of the United States ("Plaintiff"), for its Complaint against Defendant, Neal Chase, alleges and states as follows:

### Nature of the Case

1.    Plaintiff, a religious organization, began using the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ (collectively "Plaintiff's Marks") in United States commerce over fifty years ago, and since that time has invested extensive effort and resources developing goodwill in the marks in the United States for religious and educational services and related goods.

2.    Despite Plaintiff's prior, well-established rights in Plaintiff's Marks, Defendant is using the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ in connection with religious services and related goods without Plaintiff's authorization and is falsely advertising those goods and services using the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ.

3.    As detailed below, Defendant's conduct constitutes, among other things, unfair competition and infringement of Plaintiff's trademark rights.  Defendant's improper conduct is

knowing, intentional, and designed to trade on the reputation that Plaintiff has developed through many decades of extensive use and promotion of Plaintiff's Marks and the services and goods Plaintiff offers under the Marks.

4.      Plaintiff has been, and is likely to continue to be, injured by Defendant's misconduct, and will suffer irreparable harm unless and until Defendant is enjoined from using the marks THE UNIVERSAL HOUSE OF JUSTICE AND UHJ in connection with Defendant's goods and services.

<b><u>The Parties</u></b>

5.      Plaintiff is an Illinois non-profit corporation with its principal place of business at 536 Sheridan Road, Wilmette, Illinois 60091.

6.       Upon information and belief, Defendant Neal Chase is an individual residing at 3319 Lochwood Drive, Fort Collins, CO 80525.

7.      On information and belief, Defendant has promoted and offered and is promoting and offering his goods and services under the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ in Colorado in this judicial district, and has engaged in acts and/or omissions within this district.  The foregoing acts and/or omissions are causing Plaintiff to suffer injury, including, but not limited to, injury within this district.

<b><u>Jurisdiction and Venue</u></b>

8.      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332, 1338(a)-(b), and 1367.

9.      This Court has subject matter jurisdiction over Counts I and II of this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a) because these counts present a Federal question under the following provisions of the United States Code:

2

a.  Count I (Trademark Infringement) - 15 U.S.C. § 1114; and

b.  Count II (Federal Unfair Competition) - 15 U.S.C. § 1125(a).

10.    This Court has supplemental jurisdiction over Plaintiff's state law claims, Counts III and IV, pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy as Plaintiff's federal claims.

11.    Plaintiff is informed and believes, and on that basis alleges, that this Court has personal jurisdiction over Defendant because Defendant has a principal place of business and/or resides in the State of Colorado and is, and has been, conducting continuous and systematic business by promoting and selling goods and services under the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ mark within the State of Colorado.  Defendant has also caused harm and committed unlawful acts hereinafter complained of in this judicial district, and Plaintiff has suffered harm in this judicial district as a result of Defendant's conduct.

12.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant resides in this judicial district, Defendant's acts of infringement and other wrongful conduct herein alleged occurred in this judicial district, and a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## Background Facts

13.    Plaintiff and the Universal House of Justice are components of a religious administrative structure referred to as the Bahá'í Administrative Order, which organizes and guides over five million members worldwide.

14.    The Bahá'í Administrative Order consists of the institution The Universal House of Justice, which is the apex of the Bahá'í Administrative Order and Bahá'í Faith, and more than 170 National Spiritual Assemblies located in countries around the world.

15.     The Universal House of Justice grants the National Spiritual Assemblies exclusive jurisdiction and authority concerning the Bahá'í Faith in the countries in which they are located.

16.      The Bahá'í Administrative Order also includes thousands of affiliated institutions and groups, including local spiritual assemblies and various Bahá'í Community-related institutions.

17.     The Universal House of Justice is the institution at the apex of the Bahá'í Administrative Order, serving as the supreme international governing authority of the Order.  The Universal House of Justice was formed in 1963 and is composed of nine members who are elected every five years by the membership of the National Spiritual Assemblies of the worldwide Bahá'í Community.  The seat of the Universal House of Justice, pictured below, is in Haifa, Israel in the vicinity of the Bahá'í World Centre.



18.     The Universal House of Justice is responsible for ensuring the propagation and protection of the Bahá'í Faith.  To do this, the Universal House of Justice, among other things, directs the growth and development of the Bahá'í Community worldwide; maintains, elucidates and distributes the sacred texts of the Bahá'í Faith; communicates with National Spiritual Assemblies and individual Bahá'ís around the world; maintains the sacred holy places; develops and disseminates international goals and plans; creates and monitors social and economic development projects, keeps and collects statistics and manages funds.

19.     The Universal House of Justice vests each of the over 170 National Spiritual Assemblies around the world with exclusive jurisdiction and authority over the Bahá'í Community within the country in which each particular National Spiritual Assembly is situated.  The National Spiritual Assemblies owe their undivided allegiance and obedience to the Universal House of Justice and are charged with guiding and coordinating Bahá'í activities and protecting the Bahá'í Community within their country.

### Plaintiff and its Mark THE UNIVERSAL HOUSE OF JUSTICE

20.     Plaintiff is the national representative of the Bahá'í Administrative Order and is authorized by the Universal House of Justice as the sole administrative authority of the Bahá'í Faith in the United States.  Plaintiff is well known and instantly recognized as the administrative authority of the Bahá'í Community in the United States.

21.     Plaintiff owns, operates and is headquartered in the vicinity of the Bahá'í House of Worship, pictured below, in Wilmette, Illinois, one of the most well-known and outstanding architectural and religious edifices in the world.



22.     Plaintiff is responsible for supervising, stimulating, and unifying the activities of many affiliated groups in the United States, including over 1,000 Local Spiritual Assemblies, over 1,500 registered groups and various other Bahá'í-related institutions and regional entities in the

United States.  A Local Spiritual Assembly is an annually elected nine-member group of Bahá'ís who administer affairs of the Bahá'í Faith in the Bahá'í Community in which they are located. Registered groups are groups of Bahá'ís living in a particular location in which there are not enough adult Bahá'ís to form a Local Spiritual Assembly.  There are also other regional entities, such as Bahá'í Councils, associated with Plaintiff, that assist and strengthen the Local Spiritual Assemblies.

23.     Since at least as early as 1963, Plaintiff and its authorized affiliates have devoted extensive resources to the continuous use and promotion of Plaintiff's mark THE UNIVERSAL HOUSE OF JUSTICE in the United States.

24.     Plaintiff offers various goods and services under the mark THE UNIVERSAL HOUSE OF JUSTICE including providing religious services, religious guidance, religious information and instruction, organizational development consulting services; educational services; and related printed matter (i.e. letters, pamphlets, newsletters, web pages).

25.     The publications Plaintiff offers under the mark THE UNIVERSAL HOUSE OF JUSTICE relate to topics including religious services generally, religious guidance, religious instruction, and religious information.  Plaintiff distributes and sells these publications in hard copy and in electronic format through bookstores, via websites affiliated with Plaintiff, via email and other means.

26.     Plaintiff also uses the mark THE UNIVERSAL HOUSE OF JUSTICE in connection with publications and religious services and religious information on a number of Internet websites including the www.bahai.us website.

27.     The publications and services Plaintiff offers and provides under Plaintiff's mark THE UNIVERSAL HOUSE OF JUSTICE are the subject of intense interest and importance

among the relevant public.

28.     Plaintiff has invested substantial resources developing, advertising, promoting and marketing Plaintiff's services and goods under Plaintiff's mark THE UNIVERSAL HOUSE OF JUSTICE throughout the United States and establishing the mark in the minds of the relevant public as the source of high quality services and goods offered by Plaintiff.  As a result, Plaintiff enjoys extremely strong common law trademark rights in the mark THE UNIVERSAL HOUSE OF JUSTICE, embodying invaluable goodwill.

29.     Plaintiff's mark THE UNIVERSAL HOUSE OF JUSTICE is inherently distinctive or, as a result of its long-standing and exclusive use, has acquired distinctiveness.  The mark has become favorably known among the relevant public as used in connection with Plaintiff's goods and services and has become a valuable symbol of the source of Plaintiff's goods and services, of the high quality of those goods and services, and of the goodwill associated with the mark THE UNIVERSAL HOUSE OF JUSTICE.

30.     In addition to Plaintiff's common law trademark rights in the mark THE UNIVERSAL HOUSE OF JUSTICE, Plaintiff owns the following United States Federal trademark registrations for the mark:

| Trademark | Registration No. & Date | Goods |
|---|---|---|
| **THE UNIVERSAL HOUSE OF JUSTICE** | 0799540 11/30/1965 | Class 16: publications-namely, pamphlets |
| **THE UNIVERSAL HOUSE OF JUSTICE** | 6298145 3/23/2021 | Class 16: Printed matter, namely, letters, leaflets, pamphlets, newsletters all relating to education, religion, community, public service, volunteer works, social betterment, literacy, teaching, personal conduct, administrative matters and philosophy |

| Trademark | Registration No. & Date | Goods |
|---|---|---|
| | | Class 35: Providing organizational development consulting services in the field of religious organization management activities, namely, providing planning, direction and administrative support<br><br>Class 41: Educational services, namely, mentoring in the fields of religious education, community, public service, volunteer works, social betterment, literacy, teaching, personal conduct, religious administrative matters, philosophy, religious organization management activities and religious counseling all pertaining to the Baha'i Faith<br><br>Class 45: Religious services, namely, providing guidance relating to religion and providing religious counseling services |

31.     These registrations are valid, subsisting, and in full force and effect.  True and correct copies of documents retrieved from the United States Patent and Trademark Office's online Trademark Status & Document Retrieval database ("TSDR") evidencing the current status and Plaintiff's ownership of the registrations for the mark THE UNIVERSAL HOUSE OF JUSTICE are attached hereto as **Exhibit A.**

32.     Notably, Plaintiff's Registration No. 799,540 for the mark THE UNIVERSAL HOUSE OF JUSTICE has achieved incontestable status pursuant to 15 U.S.C. § 1065. Accordingly, this registration provides conclusive evidence of the validity of the registered mark, Plaintiff's ownership of the registered mark, and Plaintiff's exclusive right to use the registered mark in connection with the goods specified in the certificate of registration for the mark. 15 U.S.C. § 1115(b).

**Plaintiff's UHJ mark**

33.     Well-prior to Defendant's unauthorized use of Plaintiff's Marks, Plaintiff's UHJ mark was recognized and used extensively as an acronym and synonym for Plaintiff's mark THE UNIVERSAL HOUSE OF JUSTICE both by Plaintiff and by the relevant public.

34.     Plaintiff regularly distributes its religious publications, information and instruction under the mark THE UNIVERSAL HOUSE OF JUSTICE in various formats bearing the UHJ mark.  In addition, the UHJ mark is used on official web pages affiliated with Plaintiff.

35.     Plaintiff has been, and is now, engaged in offering religious and educational services and related goods in interstate commerce under the UHJ mark.

36.     Through Plaintiff's efforts, the UHJ mark has become established in the minds of the relevant public throughout the United States as the source of high quality services and goods offered by Plaintiff.  As a result, Plaintiff enjoys extremely strong common law trademark rights in the UHJ mark, embodying invaluable goodwill.

37.     Plaintiff's UHJ mark is inherently distinctive or has acquired distinctiveness.  The mark has become favorably known among the relevant public as used in connection with Plaintiff's goods and services and has become a valuable symbol of the source of Plaintiff's goods and services, of the high quality of those goods and services, and of the goodwill associated with the UHJ mark.

38.     In addition to Plaintiff's common law trademark rights in the UHJ mark, Plaintiff owns the following United States Federal trademark registrations for the mark:

| Trademark | Registration No. & Date | Goods |
|-----------|------------------------|-------|
| **UHJ** | 6222214<br>12/15/2020 | Class 16: Printed matter, namely, letters, leaflets, pamphlets, newsletters all relating to education, religion, community, public service, volunteer works, social betterment, literacy, teaching, personal conduct, administrative matters and philosophy.<br><br>Class 45: Religious services, namely, religious instruction services, providing guidance relating to religion and providing religious counseling services |
| **UHJ** | 6220025<br>12/15/2020 | Class 41: Educational services, namely, mentoring in the fields of religious education, community, public service, volunteer works, social betterment, literacy, teaching, personal conduct, religious administrative matters, philosophy, religious organization management activities and religious counseling all pertaining to the Baha'i Faith.<br><br>Class 45: Providing a website featuring religious information on the topics of community, public service, volunteer works, social betterment, literacy, teaching, personal conduct, religious administrative matters, philosophy, religious organization management activities and religious counseling all pertaining to the Baha'i Faith |

39.     These registrations are valid, subsisting, and in full force and effect.   True and correct copies of documents retrieved from the United States Patent and Trademark Office's TSDR database evidencing the current status and Plaintiff's ownership of the Registered UHJ marks are attached hereto as **Exhibit B.**

**Defendant's Infringing Acts**

40.     Notwithstanding Plaintiff's nationwide prior rights in Plaintiff's Marks Defendant adopted and uses the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ on and in connection religious services and related goods without Plaintiff's authorization.   For example,

Defendant uses Plaintiff's Marks and various confusing images and statements in connection with a website accessible at www.uhj.net ("Defendant's Website"). As pictured below, this website, prominently displays the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ and the phrase "The Official Website of the Universal House of Justice," which of course it is not:



Printouts of Defendant's Website are attached hereto as **Exhibit C**.

41.     WhoIs records for the <uhj.net> domain name identify "Neal Chase" as the registrant of the domain name. Sometime after April of 2020 the registrant name was concealed, possibly for privacy purposes. However, these records continue to publicly identify a registrant organization as "Universal House of Justice" of Colorado, which is a fictitious name used by Defendant. Defendant controls the <uhj.net> website.

42.     Defendant is offering religious services through Defendant's Website and through other means and related goods under the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ ("Defendant's Goods and Services") that are identical to or closely related to the goods and services Plaintiff offers under Plaintiff's Marks.

43.     Defendant markets and offers Defendant's Goods and Services under the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ in the same trade channels through which

Plaintiff offers its goods and services and goods under Plaintiff's Marks, or that are highly similar thereto, and to classes of consumers that are identical to or that overlap with Plaintiff's consumers.

44.     Defendant's unauthorized acts have caused and continue to cause actual confusion among the relevant consumers.

45.     Defendant is using the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ with actual and constructive knowledge of Plaintiff's Marks and Plaintiff's prior rights in and to those Marks, and with an intent to capitalize on Plaintiff's reputation and goodwill, to confuse and deceive consumers, and to unfairly compete with Plaintiff.

46.     Plaintiff has never authorized, licensed, or otherwise endorsed Defendant or Defendant's use of THE UNIVERSAL HOUSE OF JUSTICE and UHJ marks.

47.     Defendant has never been affiliated in any way with Plaintiff.

48.     By using the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ and presenting Defendant's Website as the "Official Website of the Universal House of Justice" and as a website that is associated or connected with, sponsored or approved by Plaintiff or the Universal House of Justice, Defendant makes false and misleading statements of fact concerning Defendant and Defendant's Website.  Those statements tend to deceive a substantial portion of the intended audience, which Defendant reaches through Defendant's Website and through other means that travels in interstate commerce.  Defendant's false and misleading statements are material in that they will likely influence consumers' purchasing decisions as well as decisions concerning from where to obtain religious information, services and education, as the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ are important source indictors of Plaintiff that consumers rely on in making such decisions.  Defendant's unauthorized acts have caused and continue to cause Plaintiff to suffer harm.

49.     All of the foregoing acts of Defendant have caused, and unless restrained by this Court will continue to cause, serious and irreparable injury and damage to Plaintiff for which it has no adequate remedy at law.

**USPTO Trademark Trial and Appeal Board Opposition No. 91173793**

50.     Notwithstanding Plaintiff's prior common law and registered rights in and to Plaintiff's Marks, Defendant filed an application under the name Second International Baha'i Council ("SIBC") with the USPTO to register the UHJ mark (Ser. No. 78634558) (the "Application"), for "evangelical and ministerial services" in Class 45, and signed the application as the "President" of SIBC.  The Application was filed, prosecuted and defended at Defendant's sole direction, and SIBC was used as a fictitious name for Defendant.  Defendant and SIBC are collectively referred to hereinafter as "Applicant."  At a minimum, Defendant and "SIBC" acted in privity when filing, prosecuting and defending the Application.

51.     Plaintiff filed with the Trademark Trial and Appeal Board of the USPTO (the "TTAB") a Notice of Opposition opposing registration of the Application on the grounds that it is likely to cause confusion with Plaintiff's mark THE UNIVERSAL HOUSE OF JUSTICE under Section 2(d) of the Lanham Act and will falsely suggest a connection with the institution The Universal House of Justice under Section 2(a) of the Lanham Act (Opp. No. 91173793) (the "Opposition Proceeding").

52.     As the Opposition Proceeding progressed, the parties engaged in extensive briefing, and Plaintiff served extensive discovery on the grounds for opposition it asserted in the proceeding and took depositions.

53.     Plaintiff also submitted extensive evidence, including a consumer perception survey and evidence of Defendant's unauthorized use of the applied-for mark, via Notices of

Reliance pursuant to TTAB Rules and Plaintiff filed a trial brief.

54.     After reviewing the full record and Plaintiff's trial brief, the TTAB issued its written opinion on the merits in the Opposition Proceeding on August 22, 2019 sustaining Plaintiff's opposition ("TTAB Order").   Specifically, the TTAB held that Applicant's use and registration of the UHJ mark for "evangelical and ministerial services" (the services recited in the Application") is likely to cause confusion with Plaintiff's previously used and registered mark THE UNIVERSAL HOUSE OF JUSTICE.

55.     To determine that a likelihood of confusion exists, the TTAB evaluated and balanced the likelihood of confusion factors, that it applies in such matters, under *In re E. I. DuPont DeNemours & Co.*, 476 F.2d 1357, 1361, 177 U.S.P.Q. 563, 568 (C.C.P.A. 1973), and made the following key findings:

- Plaintiff had standing to oppose Applicant's registration of the UHJ mark;

- Plaintiff established prior use of its mark THE UNIVERSAL HOUSE OF JUSTICE;

- Plaintiff established common law rights in the mark THE UNIVERSAL HOUSE OF JUSTICE for various religious services, including ministerial services, which are identical to the services Applicant offers under the UHJ mark;

- Plaintiff's and Applicant's goods and services move in the same channels of trade, including the Internet;

- Plaintiff's mark THE UNIVERSAL HOUSE OF JUSTICE is famous, and thus entitled to a broad scope of production or exclusivity of use;

- There is no evidence of third-party use (aside from Applicant's) of the UHJ mark;

- Plaintiff's mark THE UNIVERSAL HOUSE OF JUSTICE and the UHJ mark have identical meaning in the context of evangelical and ministerial services, religious services and publications and pamphlets in the field of religion, in particular to those existing and prospective members of the Bahá'í Faith;

- The UHJ mark and the mark THE UNIVERSAL HOUSE OF JUSTICE have an identity of connotation and a similar overall commercial impression;

56.     Applicant did not seek reconsideration or modification of the TTAB's Order and did not file an appeal in federal court seeking review of the TTAB's Order.

57.     The time to seek reconsideration or modification or file an appeal of the TTAB's Order has lapsed; therefore, the Order is final.

58.     The TTAB's decision regarding the issue of Plaintiff's priority of use of the mark THE UNIVERSAL HOUSE OF JUSTICE and the likelihood of confusion between the Plaintiff's Mark and Applicant's use of the UHJ mark ought to be given preclusive effect. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1307, 191 L. Ed. 2d 222 (2015).

## COUNT I

### INFRINGEMENT OF REGISTERED TRADEMARKS
### 15 U.S.C. § 1114

59.     Plaintiff repeats the allegations in Paragraphs 1 through 58 of this Complaint as though fully set forth herein.

60.     Defendant, without the consent or authorization of Plaintiff, has used and is using, in interstate commerce, the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ, which are identical to and synonymous with Plaintiff's registered marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ in United States Registration Nos. 799,540; 6,222,214; 6220025, and 6298145 in connection with goods and services highly related to the goods and services Plaintiff offers under the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ, and such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and of Defendant's goods and services, with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and/or services.

61.     The goodwill of Plaintiff's registered marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ is of significant value, and Plaintiff is suffering, and will continue to suffer,

irreparable harm should Defendant continue his unauthorized use of the UHJ mark.

62.     Defendant's unauthorized use of the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ in connection with Defendant's goods and services is intended to, and will, divert to Defendant the benefit of the reputation and goodwill symbolized by Plaintiff's registered marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ, which belong exclusively to Plaintiff.

63.     Defendant's acts constitute infringement of Plaintiff's registered marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ under 15 U.S.C. § 1114(1).

64.     The standard for determining a likelihood of confusion for purposes of registration is the same standard as likelihood of confusion for purposes of infringement. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1307, 191 L. Ed. 2d 222 (2015).

65.     Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Plaintiff's rights.

66.     As a result of Defendant's acts of trademark infringement, Plaintiff is suffering irreparable harm.

67.     Unless and until Defendant is enjoined by this Court, Defendant will continue to commit acts of trademark infringement and will continue to confuse the public and cause irreparable harm to Plaintiff.

## COUNT II

### FEDERAL FALSE DESIGNATION OF ORIGIN, AND FEDERAL UNFAIR COMPETITION, AND FALSE ADVERTISING
### 15 U.S.C. § 1125(a)

68.     Plaintiff repeats the allegations in Paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69.     By making unauthorized use in interstate commerce of the marks THE

UNIVERSAL HOUSE OF JUSTICE and UHJ, Defendant is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and Defendant's goods and services with Plaintiff or as to the origin, sponsorship or approval of Defendant's goods and services.

70.     Defendant's acts constitute false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

71.     Defendant's acts constitute false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

72.     Defendant's unauthorized and infringing acts, as alleged herein, constitute intentional and willful infringement of Plaintiff's prior rights in Plaintiff's Marks.

73.     As a result of Defendant's acts of false designation of origin, unfair competition, and false advertising, Plaintiff is suffering irreparable harm.

## COUNT III

### COLORADO UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES (COLORADO REV. STAT. § 6-1-105(1)(A), (B), AND (C))

74.     Plaintiff incorporates the allegations set forth in Paragraphs 1 through 73 above as if fully set forth here.

75.     By the acts, omissions, and offerings set forth above, Defendant is violating Colorado Code §§ 6-1-105(1)(a), (b), and (c).

76.     Defendant, in the course offering its goods and services under the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ without Plaintiff's authorization has knowingly or recklessly, and in bad faith, passed off goods and services as those of Plaintiff's, has knowingly or recklessly, and in bad faith, made false representations as to the source and sponsorship of his goods and services as it relates to Plaintiff, and has knowingly or recklessly, and in bad faith, made

false representations as to the affiliation, connection, or association of his goods and services with Plaintiff.

77.     Defendant's acts constitute unlawful, unfair, and deceptive trade practices and infringement of Plaintiff's Marks under Colorado law.

78.     Defendant's infringing conduct is deceptive to consumers and has injured Plaintiff in its business and property in the State of Colorado.

79.     As a result of Defendant's infringing conduct and unlawful acts, Plaintiff has been damaged.

**COUNT IV**

**COLORADO COMMON LAW UNFAIR COMPETITION**

80.     Plaintiff incorporates the allegations set forth in Paragraphs 1 through 79 above as if fully set forth here.

81.     Defendant's willful acts of infringement of Plaintiff's Marks constitute unfair competition in violation of Colorado common law.

82.     Defendant is willfully using the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ in commerce to offer his goods and services without Plaintiff's authorization.

83.     Defendant's acts have caused and are likely to cause confusion, deception, and mislead consumers as to the source of Defendant's goods and services.

84.     As a result of Defendant's infringing conduct and unlawful acts, Plaintiff has been damaged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter Judgment finding, concluding, and declaring:

A.     That Defendant's use of the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ in all forms constitutes trademark infringement under 15 U.S.C. § 1114 false designation of origin under 15 U.S.C. § 1125(a), and unfair and deceptive trade practices under Colorado law;

B.     That Defendant and his successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, be permanently enjoined, pursuant to 15 U.S.C. § 1116 and applicable state laws, from:

1.     Using the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ, including all formative variations, that are likely to cause confusion, mistake or deception with Plaintiff's Marks;

2.     Trading on the goodwill associated with Plaintiff's Marks, passing off Defendant's goods and services as those of or authorized by Plaintiff and from making related false claims;

3.     Injuring Plaintiff's reputation and the goodwill associated with Plaintiff's Marks and from otherwise unfairly competing with Plaintiff through use of Plaintiff's Marks in any manner whatsoever;

4.     Marketing, rendering, selling or transporting any goods or services that bear Plaintiff's Marks, or any images, symbols, or trademarks confusingly similar to Plaintiff's Marks, including but not limited to displaying promotional and marketing materials on outlets such as websites, social media platforms, and other sources available over the Internet;

C.     That the Court issue an order permanently de-activating the domain name <uhj.net>;

D.      That, pursuant to 15 U.S.C. § 1118, Defendant be ordered to deliver up for destruction all materials, including but not limited to labels, packaging, brochures, advertisements, literature, promotions, displays, catalogs, and all other matter in the custody or under the control of Defendant bearing and/or displaying Plaintiff's Marks or any confusingly similar packaging or marks;

E.      That Defendant be ordered to recall from all vendors, sales people, and authorized agents all materials, including but not limited to, product packaging, brochures, advertisements, promotions, and all other matter bearing and/or displaying Plaintiff's Marks;

F.      That, pursuant to 15 U.S.C. § 1116, Defendant be directed to file with this Court and to serve on Plaintiff, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

G.      That Plaintiff be awarded Defendant's profits pursuant to 15 U.S.C. § 1117(a);

H.      That Plaintiff be awarded all reasonable attorneys' fees, costs and disbursements incurred by Plaintiff as a result of this action, pursuant to 15 U.S.C. § 1117(a); and

I.      That Plaintiff be awarded any such other and further relief as this Court deems just and proper.

Date: May 27, 2021

Respectfully submitted,

s/ Timothy P. Getzoff
Timothy P. Getzoff
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: 303.473.2700
Facsimile: 303.473.2720
tgetzoff@hollandhart.com

Attorneys for Plaintiff National Spiritual
Assembly of the Baha'is of the United States

16791762_v2