IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01434-MEH

NATIONAL SPIRITUAL ASSEMBLY OF THE
BAHA'IS OF THE UNITED STATES,

    Plaintiff,

v.

NEAL CHASE,

    Defendant.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge**.

    Defendant Neal Chase *pro se* has filed a Motion to Dismiss. ECF 7. For Mr. Chase's sake, I will discuss the manner in which cases such as this one proceed in federal courts.

    First, Mr. Chase addresses at length the origin and background of the Baha'i faith and the differences between his organization and the Plaintiff. Secular courts will not resolve issues of faith among competing factions.

> Even when rival church factions seek resolution of a church property dispute in the civil courts there is substantial danger that the State will become entangled in essentially religious controversies or intervene on behalf of groups espousing particular doctrinal beliefs. Because of this danger, "the First Amendment severely circumscribes the role that civil courts may play in resolving church property disputes." *Presbyterian Church v. Hull Church*, 393 U.S. 440, 449, 89 S.Ct. 601, 606, 21 L.Ed.2d 658 (1969).

*Serbian E. Orthodox Diocese for U. S. of Am. & Canada v. Milivojevich*, 426 U.S. 696, 709 (1976). While some of the background Mr. Chase provides may be necessary to understand the issues that will be decided in this case, the Court will not make any rulings concerning which side's interpretation of the faith is true. "(T)he (First) Amendment therefore commands civil courts to

decide church property disputes without resolving underlying controversies over religious doctrine." *Id.* The Court's focus will be on ownership rights and permissible use of those rights under the civil laws of the United States.

Second, Mr. Chase's Motion assumes (perhaps logically) that matters central to this dispute can be decided quickly, without the need for some discovery (exchange of information). The present system for resolving disputes in federal court does not function in that manner. As Plaintiff notes in its opposition, almost the entirety of Mr. Chase's argument relies on facts he alleges that are outside the four corners of the Complaint. There will be a time and manner for which Mr. Chase can raise those facts (for example, a motion for summary judgment).

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). In deciding such a motion, this Court must accept as true the factual allegations that Plaintiff raises in its Complaint. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleads facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. If the well-pleaded averments state a plausible claim for relief, then it survives a motion to dismiss. *Id.* at 680.

To put it simply, when a Complaint contains sufficient facts, if true, to state a legal claim, the Court will not dismiss it, and the case moves forward into discovery. If the complaint is well pleaded, but the facts it alleges turn out to be false, and particularly when the attorney drafting the complaint should have known those facts to be false, the law gives the defendant significant

remedies in terms of sanctions to compensate for the inconvenience of being haled into court inappropriately.

Because the Motion to Dismiss does not attack the sufficiency of the Complaint but rather its truthfulness, I find no basis in the law to dismiss this case. Plaintiff pleads facts sufficient to support the elements of its claims and plausibly states a basis for relief. Therefore, additional inquiry into the merits of Plaintiff's claims must wait for another day. But the Court assures Mr. Chase he will have his "day in court."

Finally, after consideration of Mr. Chase's arguments, I find that the case would benefit from counsel on both sides and will seek volunteer counsel for Mr. Chase under D.C.Colo.LAttyR 15, Civil Pro Bono Representation. The Court gives Mr. Chase leave to file a Motion for Appointment of Counsel pursuant to D.C.Colo. LAttyR 15 (a form motion is available on the Court's website) with a supporting affidavit of financial need. That will permit the Court to determine whether he meets the other requirements for such relief.

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss [filed June 17, 2021; ECF 7] is **denied.**

Entered and dated at Denver, Colorado, this 8th day of September, 2021.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge