IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01434-CYC

NATIONAL SPIRITUAL ASSEMBLY OF THE BAHA'IS OF THE UNITED STATES,

     Plaintiff,

v.

NEAL CHASE,

     Defendant.

---

## ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

Prior to this case, defendant Neal Chase litigated the use of the mark UHJ against plaintiff National Spiritual Assembly of the Baha'is of the United States before the United States Patent and Trademark Office's Trademark Trial and Appeal Board (the "TTAB"). He lost there. The plaintiff now seeks summary judgment in this case on, among other things, collateral estoppel principles, contending that the TTAB's prior decision is outcome determinative in this one. ECF No. 88. It is. The Court therefore grants summary judgment on the plaintiff's federal claims. But because the plaintiff does not adequately develop its argument on its state claims, summary judgment is denied on those claims.

## LEGAL STANDARD

A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Wright ex rel. Tr. Co. of Kan. v. Abbott Lab'ys, Inc.*, 259 F.3d 1226, 1231–32 (10th Cir.

2001) (quotation marks omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. The dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. "The moving party has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law." *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quotation marks omitted).

If the moving party satisfies its initial burden, the non-moving party "may not rest on its pleadings, but must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Id.* (quotation marks omitted). The specific "facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007). Affidavits and testimony "must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient." *Tucker v. Faith Bible Chapel Int'l*, 36 F.4th 1021, 1030–31 (10th Cir. 2022) (quotation marks omitted). "The court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. Pepsico, Inc*., 431 F.3d 1241, 1255 (10th Cir. 2005).

## FACTS

While the defendant purports to dispute certain facts below, he does not support those disputes with record citations as required by Federal Rule of Civil Procedure 56(c)(1)(A). *See, e.g.*, ECF No. 96-1 ¶¶ 1–2, 4–5, 38–55. Nor does he "show[ ] that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1)(B). For those

proffered facts, the Court has reviewed the underlying evidence. To the extent these facts offered by the plaintiff are supported by evidence, the Court treats them as undisputed. *See* Fed. R. Civ. P. 56(e)(2) and (3).

As such, the following facts are undisputed and identified by reference to "particular parts of materials in the record," Fed. R. Civ. P. 56(c)(1)(A), viewed in the light most favorable to the defendant.

The plaintiff brings claims against the defendant for infringement of registered trademarks under 15 U.S.C. § 1114; false designation of origin, unfair competition, and false advertising under 15 U.S.C. § 1125(a); unfair competition and deceptive trade practices under Colo. Rev. Stat. § 6-1-105(1); and common-law unfair competition. ECF No. 1 ¶¶ 59–84. It brings these claims because it owns and is entitled to the exclusive use of the mark THE UNIVERSAL HOUSE OF JUSTICE, ECF No. 96-1 ¶ 38; ECF No. 1-1; ECF No. 88-3, and the mark UHJ, ECF No. 1-2, in the United States, and the defendant uses the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ on and in connection with religious information and services and related goods without the plaintiff's authorization. ECF No. 96-1 ¶¶ 58–59.

More specifically, since at least 1963, the plaintiff and its authorized affiliates have devoted extensive resources to the continuous use and promotion of its mark THE UNIVERSAL HOUSE OF JUSTICE in the United States in connection with various goods and services including providing religious services, religious guidance and counseling, educational services, and related printed matter. *Id*. ¶ 39. Because of its extensive use of its mark, it is accorded deference as a famous mark and, therefore, enjoys strong common-law trademark rights. *Id*. ¶ 44. Further, plaintiff's trademark with registration number 799540 achieved incontestable status pursuant to 15 U.S.C. § 1065. *Id*. ¶ 48.

Despite this, on behalf of the Second International Baha'i Council, the defendant sought to register the mark "UHJ" in 2005. *Nat'l Spiritual Assembly of the Baha'is of the U.S. v. Second Int'l Baha'i Council* (the "TTAB Decision"), 2019 TTAB LEXIS 491, at *1 (Aug. 22, 2019) (unpublished); ECF No. 96-1 ¶ 84. Notably, the specimen of use submitted in support of the application consisted of screenshots of the www.uhj.net website, ECF No. 96-1 ¶ 85, which is at issue in this litigation. The plaintiff opposed that application. TTAB Decision, 2019 TTAB LEXIS 491, at *1. Its standing to do so depended on it establishing prior use of the mark THE UNIVERSAL HOUSE OF JUSTICE. *Id*. at *4. The TTAB recognized such standing. *Id*. Specifically, it found that the plaintiff's trademark with "Registration No. 799540 for the typed mark THE UNIVERSAL HOUSE OF JUSTICE for 'publications namely, pamphlets,' in International Class 38, issued on November 30, 1965, renewed" established the plaintiff's standing to oppose the registration. *Id*. at *5. The TTAB found, and the defendant concedes, that "priority is not in issue with respect to the mark and goods in that registration." *Id*.; ECF No. 96-1 ¶ 105.

The TTAB also considered the likelihood of confusion between the plaintiff's trademark with registration number 799540 and the UHJ mark sought by the defendant on behalf of the Second International Baha'i Council by analyzing the factors enumerated in *In re E.I. DuPont DeNemours & Co*., 476 F.2d 1357, 1361 (C.C.P.A. 1974). The TTAB concluded that confusion was likely. TTAB Decision, 2019 TTAB LEXIS 491, at *24. As a result, the TTAB sustained the plaintiff's opposition to the application. *Id*. at *1. The applicant did not seek reconsideration or modification of the TTAB's order and did not file an appeal. ECF No. 96-1 ¶ 99. The TTAB's order is now final. *Id*. ¶ 100.

The plaintiff's mark UHJ with registration number 6220025 was registered in 2020. ECF No. 1-2 at 2. It, therefore, was not considered by the TTAB, but was registered and in use prior to the initiation of this lawsuit on May 27, 2021. ECF No. 1.

The defendant uses the marks UHJ and THE UNIVERSAL HOUSE OF JUSTICE and various images and statements in connection with a website at www.uhj.net. ECF No. 96-1 ¶ 60. This website was created by the defendant, who selected all of its content. *Id*. ¶ 62–63. This includes prominently displaying the marks and the phrase "The Official Website of the Universal House of Justice." *Id*. ¶ 61. The website also includes a button visitors can click that generates a webform sent to the email address info@uhj.net and received by the defendant. *Id*. ¶ 69. He reviews and responds to messages received from Internet users at that email address. *Id*. ¶¶ 69–70. The website also shows a picture of the Shrine of the Bab, located at the Baha'i World Centre in Haifa, nearby the Seat of the Universal House of Justice and owned and operated by the Universal House of Justice — all associated with the plaintiff. *Id*. ¶ 71. But the defendant is not a current or former member of the plaintiff and has never been affiliated with the plaintiff, the Universal House of Justice, or any related organization in any way. *Id*. ¶ 73. Notably, the website at www.uhj.net has not changed since before the TTAB reviewed the matter and issued its decision. *Id*. ¶ 101.

## **ANALYSIS**

### I.  **Federal Trademark Infringement and Unfair Competition Claims**

The Lanham Act prohibits the unauthorized use of "any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1)(a). It also imposes civil liability for "uses in commerce" of any "name [or] symbol" "in connection with

any goods or services" that are "likely to cause confusion." *Id*. § 1125(a)(1). To succeed on the federal infringement and unfair competition claims, the plaintiff must "establish that it has a legal right to a mark and that the defendant's use of a similar mark is likely to generate consumer confusion in the marketplace." *Affliction Holdings, LLC v. Utah Vap or Smoke, LLC*, 935 F.3d 1112, 1114 (10th Cir. 2019); *Alfwear, Inc. v. Mast-Jaegermeister US, Inc.*, No. 21-4029, 2023 WL 5765891, at *5 (10th Cir. Sep. 7, 2023) (unpublished) (teaching that the "central inquiry is the same" for infringement and unfair competition claims). "Likelihood of confusion forms the gravamen for a trademark infringement action," *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1089 (10th Cir. 1999), and while "the issue of likelihood of confusion is a question of fact, [that] does not preclude the entry of summary judgment in trademark infringement cases." *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527, 1530 n.2 (10th Cir. 1994).

The plaintiff maintains that the priority of its mark THE UNIVERSAL HOUSE OF JUSTICE and the likelihood of confusion of that mark with the defendant's website were decided by the TTAB and, therefore, collateral estoppel precludes the defendant from relitigating those issues here. ECF No. 88 at 8–10. "Collateral estoppel bars the successive litigation of any issue of law or fact 'once [it has] been determined by a valid and final judgment.'" *Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (quoting *Ashe v. Swenson*, 397 U.S. 436, 443 (1970)). "[T]he doctrine prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit," thereby "promot[ing] judicial efficiency, encourage[ing] reliance on previously adjudicated matters, and avoid[ing] inconsistent rules of decision." *Id*. For collateral estoppel to apply, the plaintiff must establish: "(1) the issue previously decided is identical with the one presented in the action in question, (2)

6

the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party or in privity with a party to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action." *Id*. (quotation marks and emphasis omitted).

The defendant concedes that he was a party to the TTAB litigation and that he had a full and fair opportunity to litigate in that proceeding. ECF No. 89 at 9. He does not address the finality of the TTAB Decision, but the plaintiff establishes that fact. *See* ECF No. 96-1 ¶ 100. Instead, the defendant focuses on the first element.

He maintains that the domain registration for www.uhj.net was not directly litigated before the TTAB and that the use of www.uhj.net was not essential to the TTAB's decision. ECF No. 89 at 9. But the defendant presented screenshots of the www.uhj.net website in support of his application to register the UHJ mark. ECF No. 96-1 ¶ 85. In addition, the TTAB specifically considered "excerpts from Applicant's website," TTAB Decision, 2019 TTAB LEXIS 491, at *3, and, as part of the proceeding, the plaintiff "submitted an excerpt from Applicant's website that shows use of the applied-for mark UHJ and included" text stating that it was "The Official Website of the Universal House of Justice." *Id*. at *8–9. The TTAB also found that "[w]ith regard to the channels of trade and classes of consumers, because there are no limitations as to these factors in the identifications in the application and registration, we must presume that the identified goods and services move in all normal channels of trade, and that they are available to all classes of purchasers for those goods and services," *id*. at *10–11, and, to avoid doubt, the TTAB made clear that the plaintiff's dissemination of its marks included dissemination "over the Internet." *Id*. at *11. Therefore, the defendant's use of www.uhj.net as part of his application for the mark UHJ was litigated before the TTAB and was essential to the outcome of that matter.

7

That outcome was the TTAB's conclusion that the defendant's proposed mark of UHJ was similar to the plaintiff's registered mark THE UNIVERSAL HOUSE OF JUSTICE and that "the relevant consumers will refer to [the plaintiff's] goods and services as UHJ because they will shorten THE UNIVERSAL HOUSE OF JUSTICE to UHJ," *id*. at *17–18, making confusion likely. *Id*. at 26. The TTAB, then, did decide whether www.uhj.net created a likelihood of confusion with the plaintiff's THE UNIVERSAL HOUSE OF JUSTICE mark.

The website in question being www.uhj.net, as opposed to "UHJ," makes no difference. Adding .net to the litigated mark UHJ does not change the analysis of the potential confusion caused by use of a mark. Indeed, "[t]he addition of [a] generic suffix [ ] does nothing to change th[e] analysis." *Outside Interactive, Inc. v. Bolin*, No. 24-cv-02251-RMR, 2024 WL 5673072, at *3 (D. Colo. Aug. 16, 2024) (discussing addition of .com suffix to the registered mark); *see Ball Dynamics Int'l, LLC v. Saunders*, No. 16-cv-00482-NYW, 2016 WL 7034974, at *7 (D. Colo. Dec. 1, 2016) (finding URLs confusingly similar to plaintiff's mark because they "merely change the domain extension"); *cf. B & B Hardware, Inc. v. Hargis Indus., Inc*., 575 U.S. 138, 157 (2015) ("[T]rivial variations between the usages set out in an application and the use of a mark in the marketplace do not create different 'issues,' just as trivial variations do not create different 'marks.'"). So, even if the TTAB had not considered the website itself, which it did, its conclusion regarding the likelihood of confusion between the requested mark UHJ and the plaintiff's registered mark would still apply to the www.uhj.net website.

The defendant has another arrow in his quiver. He argues that collateral estoppel cannot be used by the plaintiff as part of its summary judgment argument because it is an affirmative defense. ECF No. 89 at 9–10. But parties can and do invoke collateral estoppel both offensively and defensively. *See B & B Hardware*, 575 U.S. at 160 (reversing circuit court affirmation of the

8

district court's denial of collateral estoppel invoked by the plaintiff with instruction to "apply the following rule: So long as the other ordinary elements of issue preclusion are met, when the usages adjudicated by the TTAB are materially the same as those before the district court, issue preclusion should apply."); *Cesari S.r.L. v. Peju Province Winery L.P.*, No. 17 Civ. 873(NRB), 2017 WL 6509004, at *6 (S.D.N.Y. Dec. 11, 2017) (granting plaintiff's motion for summary judgment as to one defendant and holding that the defendant was "precluded from re-litigating the likelihood of confusion between the parties' marks" based on TTAB decision). This arrow, therefore, fails to hit its target.

Because the plaintiff has established all four elements of collateral estoppel, *see Stan Lee Media, Inc.*, 774 F.3d at 1297, and "the usages adjudicated by the TTAB are materially the same as those before the district court, issue preclusion should apply." *B & B Hardware*, 575 U.S. at 160. This means that the TTAB's "determination is conclusive in a subsequent action between the parties, whether on the same or a different claim," Restatement (Second) of Judgments § 27 (1982), and "is forever settled as between the parties thereby protecting against the expense and vexation attending multiple lawsuits, conserving judicial resources, and fostering reliance on judicial action by minimizing the possibility of inconsistent verdicts." *B & B Hardware*, 575 U.S. at 147 (internal quotation marks and citations omitted).

The defendant's argument regarding collateral estoppel being an affirmative defense may also be an attempt to argue that a party that bears the burden on a motion cannot rely only on collateral estoppel to meet that burden. Neither party offers any legal support on this question. But, regardless, the argument fails. A court may grant summary judgment in favor of a party based on issues determined by another court or tribunal when the requirements of collateral estoppel are met. *See Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004) (affirming

grant of summary judgment when party "had a full and fair opportunity to litigate his claim" before state grievance board); *Wyers Prods. Grp., Inc. v. Cequent Performance Prods., Inc.*, No. 12-cv-02640-REB, 2015 WL 1514711, at *6 (D. Colo. Mar. 30, 2015) (granting defendants' motion for summary judgment because "collateral estoppel bars the plaintiffs from asserting in this case infringement claims"); *Whitehead v. Am. Fam. Ins. Co.*, No. 04-cv-00191-REB-MJW, 2010 WL 3730349, at *5 (D. Colo. Sep. 16, 2010) (granting plaintiff's motion for summary judgment because the defendant was precluded from arguing that its conduct did not constitute bad faith). In short, regardless of who bears the burden on a particular motion, "[w]hen an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Ashe*, 397 U.S. at 443. To find otherwise "would encourage the very evils that issue preclusion helps to prevent." *B & B Hardware*, 575 U.S. at 154.

The defendant resists this conclusion. The website is registered to a corporation and, he says, the plaintiff must therefore, but has not, provide sufficient evidence to pierce the corporate veil to hold him personally liable. ECF No. 89 at 3–7. To the extent he argues that the complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for this reason, *see id.* at 6–8, the Local Rules of this District prohibit a party from including a motion in a response. D.C.COLO.LCivR 7.1(d). But to the extent he suggests that it is a reason to deny summary judgment, the argument is not well developed and, regardless, it fails. *Pso-Rite.com LLC v. Thrival LLC*, No. 21-cv-00775-PAB-STV, 2024 WL 115124, at *7 (D. Colo. Jan. 10, 2024) (teaching that "it is not true that individual defendants can be found liable for patent and trademark infringement only through piercing the corporate veil").

While a court may engage in veil piercing to find an officer liable, "[i]n a trademark infringement case, the Court [need] not undertake the traditional veil piercing analysis. Rather, a claim for trademark infringement may be asserted against a stockholder or officer of a corporation who is responsible for his corporation's infringing activities." *Pandaw Am., Inc. v. Pandaw Cruises India Pvt. Ltd*., 842 F. Supp. 2d 1303, 1314 (D. Colo. Feb. 6, 2012); *see 1-800 Contacts, Inc. v. Lens.com, Inc*., 722 F.3d 1229, 1240 (10th Cir. 2013). Such "[l]iability may be based on the individual's knowledge of and participation in the infringing conduct." *Pandaw*, 842 F. Supp. 2d at 1314. For example, "if a manufacturer or distributor . . . continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially responsible for any harm done as a result of the deceit." *Inwood Lab'ys, Inc. v. Inves Lab'ys, Inc*., 456 U.S. 844, 854 (1982). And here, it is undisputed that the defendant created www.uhj.net's splash page and all of its content. ECF No. 96-1 ¶ 62. It is also undisputed that the website remains unchanged after the TTAB Decision found that his application to register the mark "UHJ" on behalf of the Second International Baha'i Council would likely lead to confusion. ECF No. 96-1 ¶ 101. And the defendant continues to use the marks THE UNIVERSAL HOUSE OF JUSTICE and UHJ on the website. *Id*. ¶¶ 59–61. He also reviews and responds to messages received from Internet users through a webform on the website. *Id*. ¶¶ 69–70. Those actions establish that the defendant personally took actions to infringe the plaintiff's marks, and "[c]orporate officers can be personally liable for their own acts of infringement, even if those acts were committed in their corporate capacity." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1358 (Fed. Cir. 2021). In short, there is no need to pierce the veil to hold the defendant liable for his own actions. *Id*. at 1358–59.

Finally, to the extent the defendant argues that it would be improper for the plaintiff to seek corporate profits as the defendant's own profits, ECF No. 89 at 4, the plaintiff disavows any intent to seek such profits, ECF No. 96 at 13 n.5, mooting the issue.

In short, the TTAB found that the plaintiff established its "priority[ ] and the existence of a likelihood of confusion" "by a preponderance of the evidence." TTAB Decision, 2019 TTAB LEXIS 491, at *26. The parties are bound by that decision. To succeed on its federal infringement and unfair competition claims, the plaintiff must "establish that it has a legal right to a mark and that the defendant's use of a similar mark is likely to generate consumer confusion in the marketplace." *Affliction Holdings, LLC*, 935 F.3d at 1114. Through the TTAB Decision, the plaintiff has done so. As a result, it is entitled to judgment on those claims.

The TTAB Decision considered only the priority of the mark THE UNIVERSAL HOUSE OF JUSTICE and likelihood of confusion with that mark, but the plaintiff also registered the mark UHJ after the TTAB Decision. ECF No. 1-2. The plaintiff argues that the defendant infringes that mark as well. *See* ECF No. 88 at 10–18. Because the TTAB Decision is outcome determinative and, as a result, judgment must enter in favor of the plaintiff as to the federal infringement and unfair competition claims, the Court does not also consider whether the defendant has infringed on the plaintiff's UHJ mark.

## II. The State Law Claims

The plaintiff also brings state-law claims. ECF No. 1 ¶¶ 74–84. Its motion, though, does not address the elements of these claims, let alone whether the TTAB decision operates to preclude them, and instead implicitly assumes that summary judgment on its federal claims necessarily implies the same outcome on its state claims. *See* ECF No. 88 at 18. That gives the Court little guidance, and "[t]his court is neither required nor inclined either to consider insubstantially briefed arguments, or to scour the record in support of evidence in support of" the

plaintiff's motion. *Cooper v. Shelter Gen. Ins. Co.*, 653 F. Supp. 3d 873, 882 n.13 (D. Colo. 2023); *Ariz. Pub. Serv. Co. v. U.S. Env'tl Prot. Agency*, 562 F.3d 1116, 1130 (10th Cir. 2009) ("We need not address unsupported, conclusory arguments."). For the first time in the conclusion of its reply, the plaintiff more specifically addresses the state-law claims by citing two cases. ECF No. 96 at 15–16. But arguments raised for the first time in a reply brief are waived. *See Gutierrez v. Cobos*, 841 F.3d 895, 902 (10th Cir. 2016). As a result, the Court will deny the portion of the motion seeking judgment on the state-law claims.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the Plaintiff's Motion for Summary Judgment and Memorandum in Support, ECF No. 88, is **GRANTED in part** and **DENIED in part**.

It is further ORDERED that, at the conclusion of this case, **JUDGMENT** will enter in favor of the plaintiff and against the defendant on count one, brought under 15 U.S.C. § 1114, and count two, brought under 15 U.S.C. § 1125(a).

It is further ORDERED that a Status Conference will be held on **April 28, 2026 at 11:00 a.m.** in Courtroom C-201, on the second floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado to address, among other things, what relief should be included in the judgment and the status of the state-law claims.

DATED this 18th day of March, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

13