IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01434-CYC

NATIONAL SPIRITUAL ASSEMBLY OF THE BAHA'IS OF THE UNITED STATES,

Plaintiff,

v.

NEAL CHASE,

Defendant.

---

**ORDER DENYING MOTION FOR A STAY OF EXECUTION**

---

The defendant moves for a stay of execution of judgment pending his appeal of this Court's orders resolving the case in favor of the plaintiff. ECF No. 122. Because a stay is not warranted, the motion is **DENIED**. As previously ordered, *see* ECF Nos. 115, 116, 119, the defendant must **APPEAR** at a show cause hearing, now reset for **November 19, 2026 at 2:00 p.m.**, for possible contempt findings and the imposition of sanctions.

**<u>BACKGROUND</u>**

On March 18, 2026, the Court granted summary judgement to the plaintiff for its federal trademark and unfair competition claims, finding that, under collateral estoppel principles, the defendant's website domain name infringed on the plaintiff's registered trademark. *Nat'l Spiritual Assembly of the Baha'is of the U.S. v. Chase*, No. 21-cv-01434-CYC, 2026 WL 763813, at *7 (D. Colo. Mar. 18, 2026).

Three months later, the Court granted the plaintiff's motion to dismiss its remaining state law claims without prejudice, ECF No. 102, to which the defendant did not file a response, and

the plaintiff's unopposed motion for order of relief, ECF No. 105. *See Nat'l Spiritual Assembly of the Baha'is of the U.S. v. Chase*, No. 21-cv-01434-CYC, 2026 WL 2189934, at *1–3 (D. Colo. July 9, 2026). Among other injunctive relief, the order required the defendant to "transfer to Plaintiff all rights, ownership, and control over the domain name www.uhj.net within 10 days of entry of the order. *Id.* at *1. The order also stated that the "Court shall retain jurisdiction over this matter for the purposes of enforcing, modifying, or supplementing this Order." *Id.* at *2. A final judgment entered the next day. ECF No. 108.

Some two weeks after that, the defendant filed a notice of appeal as to the order granting summary judgment, ECF No. 99, the order granting dismissal without prejudice and the unopposed relief, ECF No. 107, and the final judgment, ECF No. 108. *See* ECF No. 110. The defendant also moved for leave to proceed on appeal *in forma pauperis* and for the provision of a free transcript. ECF No. 113. The Court granted his motion in part, finding that he had shown the "existence of a reasoned, nonfrivolous argument," but not "a substantial question, i.e., a significant issue that is unique, unusual or reasonably debatable." ECF No. 114 at 1.

On July 28, 2026, the plaintiff filed a motion to enforce judgment, ECF No. 113, alleging that, despite his express written agreement and the Court's order of relief and judgment, the defendant had "failed to transfer any rights, ownership, or control over the domain name www.uhj.net or taken any of the necessary administrative steps to do so. *Id.* ¶ 19. The plaintiff requested enforcement of the judgment, a show-cause hearing for the defendant to explain his noncompliance, and an award of reasonable attorneys' fees and costs for the motion. *Id.* ¶ 25.

The Court ordered that the defendant (1) "show cause in writing on or before September 2, 2026 why he should not be held in contempt for violation of the Judgment," and (2) "appear at

a show cause hearing on October 15, 2026 at 2:00 p.m. to determine whether the Court will make a finding of contempt and order appropriate sanctions." ECF No. 115. The defendant could "be relieved of these obligations" if he complied with the judgment. *Id.* A few weeks later, the Court granted appointed *pro bono* counsel's motion for leave to withdraw from the defendant's representation, ECF No. 118, and reminded the defendant of his specific obligations under the show-cause order, his general obligations as a *pro se* litigant, and his duty under D.C.COLO.LAttyR 5(c) to provide notice to the Court of any "change of name, mailing address, or telephone number" within five days of the change. ECF No. 119. This order, though, was subsequently returned to the Clerk's Office as undeliverable to the defendant's listed mailing address. ECF No. 124.

On the due date for the defendant to respond to the show cause order, he filed the instant motion for a stay of execution pending appeal instead. ECF No. 122. He states that as a pro se litigant, he did not know that his appeal did not automatically stay the judgment. *Id.* at 1. He also avers that he respects the Court and intends to abide by any final ruling. *Id.* Of course, there is a final ruling in this case: it is in favor of the plaintiff.

In all events, he asks for a stay pending the outcome of his appeal because, he argues, it presents serious legal questions, he is likely to prevail on the merits, the absence of a stay will cause irreparable damage to him and the public, and a stay will not harm the plaintiff or other parties. *Id.* at 2–3. In the alternative, he asks the Court to stay its orders and judgment, ECF Nos. 99, 107, 108, for two weeks past the later of the Court's denial of this motion or a denial of a stay application by the Court of Appeals. ECF No. 122 at 3.

**ANALYSIS**

"It is well-established that a court retains ancillary jurisdiction over subsequent proceedings to enforce its own orders and judgments." *Phone Directories Co. v. Clark*, 209 F. App'x 808, 812 (10th Cir. 2006). "Absent a stay," the filing of a notice of appeal does not "divest the district court of jurisdiction to continue its supervision" of any relief ordered. *Roberts v. Colorado State Bd. of Agric.*, 998 F.2d 824, 827 (10th Cir. 1993).

Federal Rule of Civil Procedure 62(d) allows a district court to "suspend," or stay, "an interlocutory order or final judgment" granting an injunction while an appeal is pending. The inquiry for ruling on a motion for a stay of an injunction pending appeal is the same as a preliminary-injunction analysis. *Hobby Lobby Stores, Inc. v. Sebelius*, No. 12-6294, 2012 WL 6930302, at *1 (10th Cir. 2012). In order to obtain a stay of an injunction pending appeal, the moving party must demonstrate: "(1) 'a strong showing' of the likelihood of success on appeal; (2) irreparable harm if the stay is not granted; (3) absence of 'substantial harm' to opposing parties if the stay is granted; and (4) 'where the public interest lies.'" *Sierra Club v. El Paso Gold Mines*, No. Civ.A.01 PC 2163 OAS, 2003 WL 25265871, at *1 (D. Colo. Apr. 21, 2003) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The movant's burden is a "heavy one" and, consequently, "stay requests are usually denied." *Id.* (citing *First Savings Bank, F.S.B. v. First Savings Bank Sys., Inc.*, 163 F.R.D. 612, 615 (D. Kan. 1995)).

To satisfy the first factor, the movant must do more than show "that the chance of success on the merits [is] 'better than negligible' or that success [is] a 'mere possibility.'" *Bradford v. U.S. Dep't of Labor*, No. 21-cv-03283-PAB-STV, 2022 WL 266805, at *3 (D. Colo. Jan. 28, 2022) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Recently, some courts in this district have found that the Tenth Circuit has "backed away" from the more relaxed "substantial question

test," which deemed the "likelihood of success on appeal element" satisfied if the moving party presented "questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberative investigation." *All. of Health Sharing Ministries v. Conway*, No. 24-cv-01386-GPG-STV, 2025 WL 822700, at *2 (D. Colo. Feb. 3, 2025) (citing *Bradford*, 2022 WL 266805, at *2–3).

Under either standard, the defendant has not shown a likelihood of success on the merits. He lists five "serious legal questions" he intends to raise on appeal, namely: (1) "Contradictions with previous higher Court's ruling"; (2) "Constitutional rights were not litigated"; (3) "Defendant's legal identity being stolen"; (4) "The reality of the First Amendment issue"; and (5) "The national security issue concerning education to the Supreme Law of the Land, the 1928 Kellogg-Briand Paris Peace Pact, that makes all war illegal: Baha'u'llah being the Author of that Pact, Jane Addams, the premiere American promoter of the new law." ECF No. 122 at 2. The defendant does not and cannot show even a negligible chance of success on any of these questions. Nor do they present any "serious, substantial, difficult and doubtful" issue going to the merits. *Bradford*, 2022 WL 266805, at *2.

These questions, as framed in the motion, suffer from several problems. First, they are not developed with any argument or citation to legal authority. Second, questions one through four are so vague as to be unintelligible while question five is a complete non-sequitur. The defendant does not identify what higher court's ruling he believes is "contradicted" by the Court's orders, which constitutional rights were not litigated, what he means by his "legal identity being stolen" and its relevance to this case, or what First Amendment issue is implicated. ECF No. 122 at 2. The fifth question, invoking an international peace agreement and Jane

Addams, simply has nothing to do with this trademark-infringement and unfair-competition case. Third, to the extent these questions can be discerned, they are meritless. The defendant did not raise any of these issues in his summary judgment briefing, *see* ECF No. 89, and instead argued that he was shielded from judgment under the corporate veil doctrine, that the plaintiff may not invoke collateral estoppel on a motion for summary judgment, and that there was no reasonable likelihood of confusion from the disputed marks. "Failure to raise an issue in the district court generally constitutes waiver" on appeal, and the defendant provides no reason to believe that his waiver of these claims will not be dispositive. *Gale v. City & Cnty. of Denver*, 962 F.3d 1189, 1194 (10th Cir. 2020) (quotation marks omitted). Fourth, these questions do not address the summary judgment order's conclusion that the issues in the current litigation were previously resolved against the defendant and thus barred on collateral estoppel grounds. Nor is there any reason to believe this conclusion was incorrect and will be reversed on appeal. Fifth, and finally, the defendant consented to the relief imposed, which as the plaintiff notes, ECF No. 125 at 7, creates an exceedingly high, if not insurmountable, bar for success on his appeal of that order.

The defendant's claim that he "will likely prevail on the merits of the appeal" is entirely conclusory, ECF No. 122 at 2, and as the foregoing shows, belied by the questions he intends to raise. The Court previously concluded that the defendant's appeal did not pose a "substantial question," ECF No. 114 at 1, and although the bar for granting a stay is higher, nothing in the defendant's motion disturbs that conclusion.

"Because the [defendant] has not made a strong showing that [he] is likely to prevail on the merits of [his] appeal, the Court declines to consider the other factors in the injunction-pending-appeal analysis." *All. of Health Sharing Ministries*, 2025 WL 822700, at *4 (citing

*Bradford*, 2022 WL 266805, at *4). The motion is denied. The Court's orders and judgment, and the defendant's duty to comply with them, remain in effect.

**ORDER**

1. The Motion for Stay of Execution Pending Appeal, ECF No. 122, is **DENIED**.

2. To date, the defendant has not filed a response to the Order to Show Cause, ECF No. 115. Therefore, the defendant **shall** file any response to the Order on or before **October 30, 2026** explaining why he should not be held in contempt for violation of the Judgment. Furthermore, the October 15, 2026 show cause hearing is hereby **VACATED** and **RESET** for **November 19, 2026 at 2:00 p.m.** The Court continues to reserve judgment on the plaintiff's request for attorneys' fees associated with the motion to enforce.

3. The Clerk of Court **shall** mail this Order via certified mail with return receipt requested to the defendant, Neal Chase, at the address listed on his most recent filings, 417 South Cedar Street #24, Cortez. CO 81321. The defendant is again reminded of his obligation under D.C.COLO.LAttyR 5(c) to provide notice to the Court of any "change of name, mailing address, or telephone number . . . no later than five days after the change."

DATED this 9th day of October, 2026.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge